Dye, J.
By separate informations, the within defendants have been charged with violating section 49 of article 5 of the Westchester County Park Commission General Ordinance *41 "No. 3. Margaret B., the mother, has been charged with violation of subdivision 1 thereof in that she permitted her daughter, Margaret M., to operate her automobile on the Saw Mill River Parkway within the Village of Pleasantville, and the daughter, Margaret M., has been charged with violation of subdivision 2 thereof in that she received instructions to operate, under a learner’s permit, a motor vehicle on the Saw Mill River Parkway in the Village of Pleasantville, being in an area not designated for such purpose by the Park Commission.
Before the Court of Special Sessions of the Village of Pleasantville, counsel for defendants moved to dismiss each information on the sole ground that the Park Commission did not have authority to adopt and enforce the ordinance in question. The Police Justice presiding granted each motion and adjudged that each defendant was not guilty as charged. However, upon appeal by the People to the Westchester County Court, the learned County Judge affirmed the determination of the Court of Special Sessions, not because the Park Commission was without power to adopt and enforce the challenged ordinance as held by the Police Justice, but rather because it did not appear that the defendants had notice that a violation of the regulation might result in a criminal proceeding. From that determination the People now appeal to this court by permission.
Subdivisions 1 and 2 of section 49 of article 5 of General Ordinance No. 3 adopted by the Westchester County Park Commission read as follows:
“ 49. Drivers. (1) No person having a motor vehicle or motorcycle in his care, or under his control, shall permit any person to operate the said motor vehicle or motorcycle upon any drive or within any park, without first having ascertained whether the' said person is duly licensed to operate motor vehicles and/or motorcycles within the meaning of the vehicle and traffic laws of the State of New York.
“ (2) The instruction of persons learning to operate motor vehicles or motorcycles, either under a New York State learner’s permit or otherwise, is prohibited in all parks, and upon all parkways, except at such places, and at such times, as may be designated by the commission.”
The right to restrict the use of its parkways and the regulation of traffic thereon is part of the authority granted the Park *42 Commission by sections 472 and 498 of the Westchester County Administrative Code (see, also, Vehicle and Traffic Law, former § 90, subd. 7). This power to regulate the use of parkways in no way encroaches upon the power to license which belongs exclusively to the Commissioner of Motor Vehicles, since the Legislature specifically provided that persons driving with learner’s permits, and their licensed instructors, shall be liable for any breach of the Vehicle and Traffic Law “ or of any local ordinance, rule or regulation ” (Vehicle and Traffic Law, § 20, subd. 4, par. b). In view of the traffic conditions on the Saw Mill River Parkway the prohibitions directed at persons driving with learner’s permits, and their instructors, are not unreasonable.
The question of whether notice, actual or constructive, was given to respondents need not detain us since the motion to dismiss was directed solely to the authority of the Park Commission to enact the challenged ordinance. In this state of the record we do not pass on whether the ordinance was published in accordance with section 499 of the Westchester County Administrative Code.
The orders are reversed and the informations reinstated.
Chief Judge Conway and Judges Desmond, Fuld, Fboessbl, Van Voorhis and Burke concur.
In each action: Order reversed and the information reinstated.